## HELEN OLDERMAN
### vs.
## BRIDGEPORT-CITY TRUST CO.

Superior Court          Fairfield County          File #52090

Present:   Hon. KENNETH WYNNE, Judge

David R. Lessler,                    Attorney for the Plaintiff.

Pullman & Comley;
Frank M. Canfield,                   Attorneys for the Defendant.

### MEMORANDUM FILED DECEMBER 8, 1937.

WYNNE, J.   Neither the zeal nor disappointment of counsel could deny that it was legally possible on the evidence for the jury to find the issues for the defendants.   Admittedly therefore, the sole question for consideration concerns the charge.   Was it unsound or inadequate?   The Court has an acute awareness of the shifting of opinion as to the excellence of a charge where disappointment waits on hope.

The Court has weighed with care every point so ably urged by plaintiff's counsel and has read the charge with care and candor.   To the Court it still seems that the charge was adapted to every claim that was made, or could have been made upon the evidence.   Verdicts rest upon evidence and not upon complaints.   The only point raised that gives the Court pause concerns the failure to charge upon the law of nuisance, but nuisance was not in the case.   No claim was made that it was.   The mere fact that there was verbal reference to it in the complaint has no significance.   It was definitive rather than factual.   It had no more place in the case as the issues were framed and tried than the characterization of the negligence in an ordinary negligence action as gross, wanton, wilful, or perhaps shocking.

The motion to set aside is denied